UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TODD MCLAUGHLIN,<br><br>      Plaintiff,<br><br> v.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY,<br><br>      Defendant. | CASE NO. C17-1903-MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |

THIS MATTER comes before the Court on Plaintiff's Motion for Remand. (Dkt. No. 5.) Having considered the Motion, the Response (Dkt. No. 8), the Reply (Dkt. No. 13), and all related papers, the Court GRANTS the Motion.

**Background**

This is an insurance coverage dispute arising out of an accident between Plaintiff Todd McLaughlin, the insured, and Defendant Travelers Commercial Insurance Company. Plaintiff is a resident of the State of Washington. (Dkt. No. 1.) Defendant is a company organized under the laws of the State of Connecticut, with its principal place of business in the State of

1 | Connecticut. (Id.) Plaintiff alleges he was riding his bicycle in Seattle, Washington, when he

2 | was involved in an accident with a parked vehicle. (See Dkt. No. 1-3.) Plaintiff alleges he

3 | suffered "severe physical injury," and incurred "significant medical expenses." (Id.) After

4 | Defendant denied coverage, Plaintiff filed suit in King County Superior Court alleging violations

5 | of Washington's Consumer Protection Act and Insurance Fair Conduct Act, breach of contract,

6 | bad faith, and negligence. (Id.) Plaintiff seeks economic and non-economic damages, punitive

7 | damages, treble damages, and attorneys' fees and costs. (Id.)

8 |     On December 20, 2017, Defendant filed a Notice of Removal based upon its assertion

9 | that this Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441 because there is diversity of

10 | citizenship and the amount in controversy exceeds $75,000. (Dkt. No. 1.) Plaintiff now moves

11 | for remand. (Dkt. No. 5.)

12 |     Plaintiff concedes diversity of citizenship, but contends that Defendant has not met its

13 | burden of proving that the amount in controversy exceeds $75,000. (Id.) In particular, Plaintiff

14 | contends that his economic damages will not exceed $5,000, because they are so limited by his

15 | policy. (Id.) Defendant responds that Plaintiff is seeking economic and non-economic damages

16 | as well as attorneys' fees, and has brought causes of action authorizing treble and punitive

17 | damages. (Dkt. No. 8.) Defendant claims it is unaware of any recent Washington insurance

18 | cases involving similar causes of action in which the amount in controversy did not exceed

19 | $75,000, and that it is therefore more than reasonable to conclude that this Court should retain

20 | subject-matter jurisdiction. (Id.)

21 |     "[I]n cases where a plaintiff's state court complaint does not specify a particular amount

22 | of damages, the removing defendant bears the burden of establishing, by a preponderance of the

23 | evidence, that the amount in controversy exceeds [$75,000].". Sanchez v. Monumental Life Ins.

24 |

Co., 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Id. (citations omitted). While the Court is doubtful that the damages in this case will be any less than $75,000, Defendant simply has not satisfied its burden of proving otherwise.

Therefore, the Court GRANTS Plaintiff's Motion for Remand. This case is hereby remanded to King County Superior Court, Case No. 17-2-32621-6 SEA. All hearings and other deadlines are stricken and the clerk is directed to close this case.

The clerk is ordered to provide copies of this order to all counsel and to the King County Superior Court.

Dated January 31, 2018.

*[signature]*
Marsha J. Pechman
United States District Judge